IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAMIAH WHITESIDE,

                       Plaintiff,                      OPINION AND ORDER

     v.

LIZZIE TEGELS, JEFF YAEGER,                      11-cv-662-wmc
CAPTAIN KANNENBERG and
ANNA BOATWRIGHT,

                       Defendants.

---

State inmate Ramiah Whiteside has filed this proposed civil action pursuant to 42 U.S.C. § 1983, alleging that he was denied due process during a prison disciplinary proceeding. Having filed an amended version of his complaint, Whiteside requests leave to proceed under the *in forma pauperis* statute pursuant to 28 U.S.C. § 1915, and he has made an initial, partial payment toward the filing fee as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1). Because he is incarcerated, the PLRA also requires the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who by law is immune from such relief. *See* 28 U.S.C. § 1915A(b). For reasons outlined briefly below, Whiteside's request for leave to proceed will be denied because he fails to state a claim upon which relief may be granted under § 1983.

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his amended complaint,

1

Whiteside alleges, and the court assumes for purposes of this screening order, the following facts:

- Plaintiff Ramiah Whiteside is currently incarcerated by the Wisconsin Department of Corrections ("WDOC") at the Wisconsin Resource Center in Winnebago. Previously, he was incarcerated at the New Lisbon Correctional Institution ("NLCI") and the Wisconsin Secure Program Facility ("WSPF") in Boscobel.

- The incident that forms the basis of Whiteside's complaint occurred at NLCI, where defendants Anna Boatwright, Lizzie Tegels and Captain Kannenberg are employed as warden, deputy warden and administrative captain, respectively. The remaining defendant, Jeff Yaeger, is a correctional officer at NLCI.

- On April 9, 2009, inmates at NLCI staged a "sit-in" to protest the use of soy in their meals. Officer Yaeger was present on the unit during the protest and took part in the investigation of the incident on the day it took place.

- Whiteside was issued an adult conduct report for his involvement in the protest, charging him with "group resistance" in violation of Wis. Admin. Code § DOC 303.20. Whiteside was found guilty of the charges after an administrative hearing. As punishment, the hearing committee placed Whiteside in disciplinary segregation for 360 days, extended his mandatory release date by five days, and transferred him to WSPF, which is a maximum-security institution.

- Whiteside appealed the decision and was granted a second hearing. The hearing committee at this second disciplinary proceeding consisted of defendants Yaeger and Kannenberg. Whiteside objected to Yaeger's participation, questioning his impartiality as a decision-maker given his involvement in the underlying investigation of the sit-in. Yaeger responded that his involvement was limited to observing the count and asking one the inmates, identified as Carlos Hope, "some cursory questions in passing." Yeager then proceeded to dispute testimony given by Hope on Whiteside's behalf, relying instead on his own recollection of events.

- Whiteside was again found guilty and given the same punishment. Defendant Tegels affirmed the committee's decision on appeal. Warden Boatwright was also aware that Yaeger served on the committee despite his prior involvement, but still approved of Yaeger's participation.

OPINION

Whiteside contends that he was convicted without due process in violation of the Fourteenth Amendment because he was denied an impartial decision-maker during a disciplinary hearing that affected the duration of his confinement. Specifically, Whiteside asserts that he was denied due process when defendant Yaeger presided as a member of the disciplinary hearing committee despite his prior involvement with the case. Whiteside contends further that defendants Boatwright, Tegels and Kannenberg violated his right to due process because they knew of Yaeger's prior involvement, but allowed him to participate as a member of the disciplinary hearing committee. Whiteside seeks $25,000.00 in compensatory damages, $75,000.00 in punitive damages and $10,000.00 in nominal damages from each defendant pursuant to 42 U.S.C. § 1983. He also seeks declaratory and injunctive relief, asking the court to "completely expunge" his unconstitutional conviction and reinstate sentence credit that was lost due to the time he served in disciplinary segregation.

As outlined above, Whiteside's disciplinary conviction extended his mandatory release date and allegedly resulted in the loss of sentence credit for spending 360 days in disciplinary segregation. Because disciplinary infractions and segregation time automatically extend a Wisconsin prisoner's mandatory release date, *see* Wis. Stat. § 302.11(2)(a)–(b), Whiteside was entitled to a disciplinary hearing that that was consistent with the minimum amount of due process. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding that a prisoner's procedural due process claim depends on the existence of a protected liberty or property interest); *see also Felce v. Fiedler*, 974 F.2d

3

1484, 14191-92 (7th Cir. 1992) (observing that Wisconsin prisoners with fixed terms are presumptively entitled to parole after serving two-thirds of their sentence, *see* Wis. Stat. § 302.11, giving rise to a liberty or property interest in their mandatory release date).[1] The minimum amount of process that is required to satisfy the Due Process Clause includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to present testimony and documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974). Likewise, a prison disciplinary proceeding satisfies the Due Process Clause so long as there is "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 457 (1985).

To the extent that Whiteside challenges a prison disciplinary conviction that has extended the duration of his confinement, his claims for declaratory and injunctive relief are not cognizable under 42 U.S.C. § 1983, but are proper only in a petition for a writ habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (explaining that

---

[1] In addition to extending his mandatory release date, Whiteside's disciplinary conviction also resulted in 360 days of disciplinary segregation and placement at WSPF for one year. The Court of Appeals for the Seventh Circuit has explained that "a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original). Likewise, in *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005), the United States Supreme Court held that inmates have a protected liberty interest in avoiding confinement in certain highly restrictive, super-maximum security prisons. This court has previously recognized that WSPF fits within this definition. *See, e.g., Lagerstrom v. Kingston*, No. 05-cv-718, 2005 WL 3555416, at *3 (W.D. Wis. Dec. 27, 2005). Thus, Whiteside had a liberty interest in avoiding transfer to WSPF.

"Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983"); *see also Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). Because there are important procedural differences between a civil rights action and a federal habeas corpus proceeding, the court may not re-characterize or convert his claims. *See, e.g., Glaus v. Anderson*, 408 F.3d 382, 388-89 (7th Cir. 2005); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997). Therefore, Whiteside's claims for declaratory and injunctive relief must be dismissed as improperly filed under § 1983.

Whiteside's claim for damages stemming from due process violations during his disciplinary proceeding also fails to state a claim under § 1983. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In this context, a "conviction" includes punishment imposed during a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint is not cognizable under § 1983 and "must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

A judgment in Whiteside's favor here implies the invalidity of his disciplinary conviction and punishment. *See Edwards*, 520 U.S. at 648 (concluding that a state prisoner's claim of "deceit and bias" on the part of the decision-maker at his disciplinary proceeding necessarily implied the invalidity of the punishment imposed). Therefore, his complaint is not cognizable under § 1983 unless his conviction has been invalidated. *See Edwards*, 520 U.S. at 648; *Luedtke v. Gudmanson*, 971 F. Supp. 1263, 1268-69 (E.D. Wis. 1997) (rejecting a state prisoner's challenge to a disciplinary conviction under § 1983 as "premature" absent an allegation that the conviction had been invalidated or set aside).

Whiteside concedes that his disciplinary conviction was upheld on administrative appeal. Likewise, court records reflect that Whiteside challenged his conviction unsuccessfully in Dane County Circuit Court. The Wisconsin Court of Appeals affirmed that decision in an unpublished opinion, *see Whiteside v. Boatwright, et al.*, 2011 WI App 75, 334 Wis. 2d 147, 799 N.W.2d 929, and the Wisconsin Supreme Court denied his petition for review, *see State ex rel. Whiteside v. Boatright*, 2011 WI 100, 337 Wis. 2d 52, 806 N.W.2d 640. Because the allegations in Whiteside's civil rights complaint would, if true, necessarily imply the invalidity of his continued incarceration, his claims are not cognizable under 42 U.S.C. § 1983 and his complaint must be dismissed.[2] While the

---

[2] Even if not barred by the holding in *Heck*, Whiteside does not demonstrate that he was denied due process as the result of a biased decision-maker. The constitutional standard for impermissible bias in this context is "high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Officials who are "directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof," may not preside over a prison

dismissal will be without prejudice, it will count as a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).

ORDER

IT IS ORDERED that:

1. Plaintiff Ramiah Whiteside's request for leave to proceed on his due process claim against defendants Jeff Yaeger, Anna Boatwright, Lizzie Tegels and Captain Kannenberg is DENIED.

2. This case is DISMISSED without prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

3. If he has not already done so, plaintiff must pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at his current institution of its obligation to deduct payments until the filing fee has been paid in full.

Entered this 30th day of September, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

disciplinary hearing. *Id.* (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). In upholding the disciplinary conviction, the Court of Appeals found that Yaeger had "no more than a passing involvement" with the investigation that resulted in the charges against Whiteside, which was insufficient to show that the hearing committee was not impartial. *Whiteside v. Boatwright, et al.*, 2011 WI App 75, ¶ 11, 334 Wis. 2d 147, 799 N.W.2d 929. Taking all of his allegations as true, Whiteside does not demonstrate that the state court's findings were inaccurate or that its conclusion was erroneous. In any event, the issue having been resolved against Whiteside in another court action involving the same parties, it would be improper to revisit the decision here in a civil rights action.